UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TEGRITY CONTRACTORS, INC.                      CIVIL ACTION

VERSUS                                         NO. 12-2555

THE SPECTRA GROUP, INC. ET AL.                 SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court are four motions: (1) Boutte Shopping Center, LLC's motion for partial summary judgment on Tegrity's unjust enrichment claim; (2) Jeff Farmer's motion for summary judgment; (3) Tegrity Contractors, Inc.'s motion for leave to file an amended complaint under Fed. R. Civ. P. 15(c)(1)(C); and (4) The Spectra Group, Inc.'s motion for summary judgment.  For the reasons that follow, Boutte Shopping Center's motion for partial summary judgment is GRANTED; Jeff Farmer's motion for summary judgment is DENIED; Tegrity's motion for leave to amend its complaint is GRANTED; and Spectra's motion for summary judgment is GRANTED in part and DENIED in part.

<u>Background</u>

This dispute arises out of the construction of a shopping center.

In early 2009, Tegrity Contractors, Inc., as general contractor, entered into a contract with The Spectra Group, Inc. and Boutte Shopping Center, LLC, for the construction of a shopping

-1-

center and retail store in Boutte, Louisiana.  Tegrity alleges that it completed all the required work and provided all necessary materials under the terms of the contract; however, Spectra and Boutte Shopping Center have failed to pay Tegrity the agreed upon sum.  Tegrity asserts that it is still owed a minimum of $253,751.74.

On October 19, 2012, Tegrity filed suit in this Court, invoking the Court's diversity jurisdiction, naming as defendants Spectra; Boutte Shopping Center; and Jeff Farmer,[1] Spectra's agent. Tegrity alleges claims for breach of contract, open account, unjust enrichment, and statutory and contractual attorney's fees.  Now before the Court are four motions: (1) Boutte Shopping Center's motion for partial summary judgment on Tegrity's unjust enrichment claim; (2) Jeff Farmer's motion for summary judgment; (3) Tegrity's motion for leave to amend its complaint; and (4) Spectra's motion for summary judgment.

## I.  Summary Judgment Standard

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact

---

[1]  Tegrity sues Farmer both in his individual capacity and in his capacity as the alleged alter ego of Spectra and Boutte Shopping Center.

to find for the non-moving party.  See Matsushita Elec. Indus. Co.
v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of
fact exists only "if the evidence is such that a reasonable jury
could return a verdict for the non-moving party."  Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a
factual dispute does not defeat an otherwise properly supported
motion.  See id.  Therefore, "[i]f the evidence is merely
colorable, or is not significantly probative," summary judgment is
appropriate.  Id. at 249-50 (citations omitted).  Summary judgment
is also proper if the party opposing the motion fails to establish
an essential element of his case.  See Celotex Corp. v. Catrett,
477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party
must do more than simply deny the allegations raised by the moving
party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d
646, 649 (5th Cir. 1992).  Rather, he must come forward with
competent evidence, such as affidavits or depositions, to buttress
his claims.  Id.  Hearsay evidence and unsworn documents do not
qualify as competent opposing evidence.  Martin v. John W. Stone
Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in
evaluating the summary judgment motion, the Court must read the
facts in the light most favorable to the non-moving party.
Anderson, 477 U.S. at 255.

II.   Discussion

*A.   Boutte Shopping Center's Motion for Partial Summary Judgment*

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date.  Tegrity has not filed a memorandum in opposition to Boutte Shopping Center's motion for partial summary judgment.  Boutte's motion is therefore deemed to be unopposed, and further, it appearing to the Court that the motion has merit, the Court finds that Boutte Shopping Center is entitled to the relief requested.  As will be discussed further below, a claim for unjust enrichment under Louisiana law requires that there be no other remedy available at law.  Carriere v. Bank of Louisiana, 702 So. 2d 648, 671 (La. 1996).  Because the parties agree that Tegrity has a substantive claim in contract against Boutte Shopping Center, Boutte is entitled to summary judgment on the unjust enrichment claim.  See Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, 538 So. 2d 569, 572 (La. 1989).

*B.   Jeff Farmer's Motion for Summary Judgment & Tegrity's Motion for Leave to Amend Its Complaint*

Jeff Farmer moves for summary judgment based on Tegrity's alleged misnomer of him, instead of Jeffrey Hines Farmer, Jr., as defendant.  Apparently, Jeffrey Hines Farmer, Jr. is president of Spectra and executed the written contract at issue in this case, while Jeff Farmer is his father and has no association with

-4-

Spectra, Boutte Shopping Center, or the contracts at issue in this case. Tegrity opposes Farmer's motion, contending that Farmer has gone by both names throughout the course of the parties' business dealings as well as in this and other litigation. Nonetheless, Tegrity requests leave to amend its complaint under Fed. R. Civ. P. 15(c)(1)(C), to name Jeffrey Hines Farmer, Jr. as defendant.

Rule 15(c)(1)(C) allows an amendment changing the name of a party to relate back to the original complaint if the change is the result of an error such as a misnomer or misidentification. <u>See</u> <u>Jacobsen v. Osborne</u>, 133 F.3d 315 (5th Cir. 1998). Such amendment will be permitted where:

> [T]he party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). The Court finds that Tegrity is entitled to leave to amend its complaint as requested, and that Farmer's request to be dismissed based on the misnomer is therefore moot. Jeffrey Hines Farmer, Jr. already accepted service and has participated considerably in this lawsuit. It is undisputed that the proper party received notice, will not be prejudiced, and knew that but for the misnomer the action would have been brought against him in the first instance. <u>Id.</u> Farmer's argument is tedious, at best.

If he is not dismissed based on the misnomer, Farmer

-5-

alternatively asserts that he is entitled to summary judgment because Tegrity cannot establish the material facts required to impose liability under the alter ego theory.  The Court disagrees. Farmer's own assertions focus genuinely disputed material issues of fact.  Summary judgment is inappropriate.

C.  *The Spectra Group's Motion for Summary Judgment*

1.  Breach of Contract and Contractual Attorney's Fees Claims

A contract is a "legal relationship whereby a person, called the obligor, is bound to render a performance in favor of another, called the obligee."  La. Civ. Code art. 1756.  "A contract is formed by consent of the parties established through offer and acceptance."  La. Civ. Code art. 1927.  In order to recover for a breach of contract under Louisiana law, the plaintiff must prove: (1) the obligor's undertaking of an obligation to perform; (2) that the obligor failed to perform the obligation (i.e., breach); and (3) that the breach resulted in damages to the obligee.  <u>Favrot v. Favrot</u>, 68 So. 3d 1099, 1108-09 (La. App. 4 Cir. 2011).  Notably, "[t]he existence or nonexistence of a contract is a question of fact."  <u>Sam Staub Enters., Inc. v. Chapital</u>, 88 So. 3d 690, 693 (La. App. 4 Cir. 2012).

Spectra contends that there is no genuine issue regarding whether a contract existed between it and Tegrity.  The Court disagrees.  Although Spectra maintains that it was not a party to the written construction agreement, the contract itself shows that

the agreement was between Tegrity as contractor and "Boutte Shopping Center, LLC, The Spectra Group, Inc." as owner. Moreover, the contract identifies the "owner's representative" as "Jeff Farmer, Jr., The Spectra Group, Inc." Finally, on the last page of the contract, the signature of "Jeff Farmer, Jr., Managing Partner" appears on the "owner" signature line. Apart from the contract itself, Tegrity produces a letter sent to it by Jeff Farmer, on Spectra letterhead, confirming over $250,000 in payments owed to Tegrity on the shopping center and Rue 21 retail store projects. It is not at all clear on the record that Spectra cannot be held liable under the written agreement. Because Spectra is not entitled to summary judgment on the breach of contract claim, it is likewise not entitled to summary judgment on the contractual attorney's fees claim. Spectra has wholly failed to meet its summary judgment burden.

2.  Open Account and Statutory Attorney's Fees Claims

Spectra summarily asserts that because it has no liability in contract, it cannot be held liable on open account. Again, the Court disagrees. The Court has found that a genuine issue exists regarding whether Spectra may be liable to Tegrity in contract. Spectra therefore fails to meet its summary judgment burden with respect to the open account and statutory attorney's fees claims.

3.  Unjust Enrichment Claim

Louisiana law provides that "[a] person who has been enriched

without cause at the expense of another person is bound to compensate that person." La. Civ. Code art. 2298.  However, recovery under this theory "shall not be available if the law provides another remedy for the impoverishment." <u>Id.</u>  To succeed in a claim for unjust enrichment, a plaintiff must show: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and resulting impoverishment, (4) an absence of "justification" or "cause" for the enrichment or impoverishment, and (5) that no other remedy at law is available. <u>Carriere</u>, 702 So. 2d at 671.

At issue here is whether "no other remedy at law" is available to the plaintiff.  Louisiana courts have held that the existence of a contract precludes recovery by a plaintiff under unjust enrichment. <u>See Land v. Acadian Prod. Corp. of La.</u>, 57 F. Supp. 338, 345 (W.D. La. 1944) (citing cases), <u>rev'd on other grounds</u>, 153 F.2d 151 (5th Cir. 1946); <u>Gribble v. McKleroy</u>, 14 La. Ann. 793 (La. 1859).  This is so even if the contract gives rise to an action against someone other than the one being sued. <u>See Pinnacle Operating Co. v. ETTCO Enters., Inc.</u>, 914 So. 2d 1144, 1150 (La. App. 2nd Cir. 2005).

Because there is no dispute that Tegrity has a substantive claim in contract (notwithstanding the dispute concerning against whom), Spectra is entitled to summary judgment on the unjust enrichment claim. <u>See Morphy</u>, 538 So. 2d at 572.

Accordingly, it is ORDERED that Boutte Shopping Center's motion for partial summary judgment is GRANTED; Jeff Farmer's motion for summary judgment is DENIED; Tegrity's motion for leave to amend its complaint is GRANTED; and Spectra's motion for summary judgment is GRANTED with respect to the unjust enrichment claim and DENIED with respect to the contract and open account claims.[2]

New Orleans, Louisiana, December 18, 2013

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2]   The Court acknowledges that motion practice is, and should be, a part of litigation strategy.  However, given the hesitancy the Court has about the quality of the assertions made in some of the pending motions, the Court points counsel to the mandate of 28 U.S.C. § 1927.